COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-330-CV
  
  
PAVEWAY 
CONCRETE PRODUCTS, INC.                                  APPELLANT
  
V.
  
LEE 
SICILIO LTD. THREE                                                           APPELLEE
  
  
------------
 
FROM 
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Paveway Concrete Products, Inc., as lessor, and Appellee Lee Sicilio, Ltd. 
Three, as lessee, signed a five-year lease on October 28, 1999. On November 15, 
2001, the parties signed a letter agreement to terminate the lease on December 
31, 2001, provided that Appellant restored the property to the same condition it 
was in at the time the parties signed the original lease. Appellee filed suit 
against Appellant in April 2002 contending that Appellant materially breached 
the letter agreement by failing to remove certain items from the property and 
repair an on-site billboard to the same condition that it was in at the time the 
parties signed the original lease. Appellant asserted a number of defenses, 
including release and impossibility. After a bench trial, the trial court 
rendered judgment in favor of Appellee and awarded $17,200 in damages. In two 
issues, Appellant asserts that 1) there is no evidence to support the trial 
court’s conclusion that Appellant breached the letter agreement and 2) 
Appellant was excused from performing as a matter of law.
Standard of 
Review
        In 
determining a “no-evidence” issue, we are to consider only the evidence and 
inferences that tend to support the finding and disregard all evidence and 
inferences to the contrary. Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 
2001); Cont’l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 
1996); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). 
Anything more than a scintilla of evidence is legally sufficient to support the 
finding. Cazarez, 937 S.W.2d at 450; Leitch v. Hornsby, 935 S.W.2d 
114, 118 (Tex. 1996). More than a scintilla of evidence exists if the evidence 
furnishes some reasonable basis for differing conclusions by reasonable minds 
about the existence of a vital fact. Rocor Int’l, Inc. v. Nat’l Union 
Fire Ins. Co., 77 S.W.3d 253, 262 (Tex. 2002).
        A 
“no-evidence” issue may only be sustained when the record discloses one of 
the following: (1) a complete absence of evidence of a vital fact; (2) the court 
is barred by rules of law or evidence from giving weight to the only evidence 
offered to prove a vital fact; (3) the evidence offered to prove a vital fact is 
no more than a mere scintilla of evidence; or (4) the evidence establishes 
conclusively the opposite of a vital fact. Uniroyal Goodrich Tire Co. v. 
Martinez, 977 S.W.2d 328, 334 (Tex. 1998) (citing Robert W. Calvert, "No 
Evidence" and "Insufficient Evidence" Points of Error, 
38 TEX. L. REV. 
361, 362-63 (1960)), cert. denied, 526 U.S. 1040 (1999).
        If 
an appellant is attacking the legal sufficiency of an adverse answer to an issue 
on which he had the burden of proof, the appellant must overcome two hurdles. Victoria 
Bank & Trust Co. v. Brady, 811 S.W.2d 931, 940 (Tex. 1991). First, the 
record must be examined for evidence that supports the finding, while ignoring 
all evidence to the contrary. Second, if there is no evidence to support the 
finding, then the entire record must be examined to see if the contrary 
proposition is established as a matter of law. Id.; Sterner v. 
Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989).
Discussion
        In 
Appellant’s first issue, it contends that there was no more than a mere 
scintilla of evidence that it breached the letter agreement with Appellee. 
According to Appellant, the letter agreement is ambiguous because it is 
susceptible to at least two reasonable interpretations as to when Appellant was 
required to complete its obligation under the letter agreement to clean up the 
property. According to Appellant, the parties intended that the property would 
be cleaned up within a reasonable amount of time, not by December 31, 2001.
        The 
pertinent portions of the letter agreement state,

3. 
[Appellant] agrees to complete clean-up of the property to the same condition 
that the property was in at the time the Lease was signed, less normal wear and 
tear;
 
4. 
[Appellant] agrees to repair the billboards to the same condition they were in 
at the time the Lease was signed; and
 
5. 
[Appellant] and [Appellee] agree the Lease will terminate on December 31, 2001, 
unless [Appellant] holds over after December 31, 2001 (in which case [Appellant] 
would owe holder rent under 1.12 of the Lease) or unless [Appellant] accepts but 
then breaches the terms of this letter agreement.

 
In 
construing a written contract, the primary concern of the court is to ascertain 
the true intentions of the parties as expressed in the instrument. Coker v. 
Coker, 650 S.W.2d 391, 393 (Tex. 1983). If the instrument is worded so that 
it can be given a certain or definite legal meaning or interpretation, then it 
is not ambiguous and the court will construe the contract as a matter of law. Id.; 
Philadelphia Am. Life Ins. Co. v. Turner, 131 S.W.3d 576, 587 (Tex. 
App.—Fort Worth 2004, no pet.). A contract, however, is ambiguous when its 
meaning is uncertain and doubtful or it is reasonably susceptible to more than 
one meaning, thereby creating a fact issue as to the parties’ intent. Columbia 
Gas Transmission Corp. v. New Ulm Gas, Ltd., 940 S.W.2d 587, 589 (Tex. 
1996); Coker, 650 S.W.2d at 393-94. Whether a contract is ambiguous is a 
question of law for the court to decide by looking at the contract as a whole in 
light of the circumstances present when the contract was entered. Coker, 
650 S.W.2d at 394. Even if neither party asserts that the policy is ambiguous, 
the court may determine that the policy is ambiguous, and consider parol 
evidence of the parties' intentions. See Nat'l Union Fire Ins. Co. v. 
CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex. 1995); Sage St. Assocs. v. 
Northdale Constr. Co., 863 S.W.2d 438, 445 (Tex. 1993) (holding that even if 
neither party pleads ambiguity, a trial judge may conclude a contract is 
ambiguous); Coker, 650 S.W.2d at 393 (concluding agreement was ambiguous 
even though parties affirmatively asserted it was unambiguous, and trial court 
and court of appeals agreed it was unambiguous).
        The 
trial court filed findings of fact and conclusions of law stating, in pertinent 
part:
 
6. 
By the Agreement, the parties agreed that [the] lease would terminate on 
December 31, 2001 unless, among other things, [Appellant] breached the terms of 
the . . . letter agreement.
 
7. 
Defendant breached paragraph 3 of the Agreement because it:
 
a. 
failed to remove [two] old inoperable trucks from the property;
 
b. 
failed to remove an old trailer from the property;
 
c. 
failed to remove a pile of rocks from the property;
 
d. 
failed to remove a pile of wood from the property;
 
e. 
failed to remove piles of garbage from the property.
  
The 
record before us does not reveal whether the trial court concluded that the 
letter agreement required Appellant to clean up the property by December 31 
because it unambiguously stated such terms or because, despite the letter 
agreement’s ambiguity, parol evidence established that the parties intended 
for the agreement to mandate clean up by December 31, 2001. Nevertheless, our 
review of the record leads us to conclude that even if the parties, as Appellant 
asserts, agreed that Appellant would clean up the property within a reasonable 
time, Appellant breached the terms of the letter agreement.
        Although 
the letter agreement stated that the lease would terminate on December 31, 2001, 
the evidence indicates that Appellant did not complete the clean up of the 
property until February 8 or 18, 2002. In light of testimony that the property 
could not be leased with trucks and piles of rocks, wood, and garbage remaining 
on the property, we conclude that an additional month or more, rent free, to 
complete performance of its obligation to leave the property in the condition 
that it was in at the time the lease was signed, is not a reasonable time. See 
CherCo Props., Inc. v. Law, Snakard & Gambill, P.C., 985 S.W.2d 262, 266 
(Tex. App.—Fort Worth 1999, no pet.) (holding that where no time for 
performance is stated, the law will imply a reasonable time; what is reasonable 
depends on the facts and circumstances as they existed on the date of the 
contract). This is especially true considering that the letter agreement was 
signed in November, 2001—leaving almost three entire months between the 
execution of the letter agreement and Appellant’s completion of the clean up 
process. We further note that under the terms of the previous lease, Appellant 
was expected to vacate the premises “upon the expiration of the Lease Term or 
earlier termination of this Lease.” Appellant’s first issue is overruled.
        Appellant 
alternatively argues, in its second issue, that it was excused from performing 
as a matter of law under the defenses of release and impossibility. Generally, a 
release surrenders legal rights or obligations between the parties to an 
agreement. Dresser Indus. Inc. v. Page Petroleum, Inc., 853 S.W.2d 505, 
508 (Tex. 1993). A release is a contract subject to the rules of contract 
construction. Williams v. Glash, 789 S.W.2d 261, 264 (Tex. 1990). 
Accordingly, in order to establish the affirmative defense of release, Appellant 
is required to prove the elements of a contract. Vera v. N. Star Dodge Sales, 
Inc., 989 S.W.2d 13, 17 (Tex. App.—San Antonio 1998, no pet.) (op. on 
reh’g). The elements required for the formation of a valid and binding 
contract are: 1) an offer; 2) acceptance; 3) a meeting of the minds; 4) each 
party's consent to the terms; and 5) executi on and delivery of the contract 
with the intent that it be mutual and binding. Wal-Mart Stores, Inc. v. Lopez, 
93 S.W.3d 548, 555-56 (Tex. App.—Houston [1 4th Dist.] 2002, no pet.). The 
elements of written and oral contracts are the s ame and must be present for a 
contract to be binding. Id. “In determining the existence of an oral 
contract, the court looks to the communications between the parties and to the 
acts and circumstances surrounding those communications.” Prime Prods., 
Inc. v. S.S.I. Plastics, Inc., 97 S.W.3d 631, 636 (Tex. App.—Houston [1st 
Dist.] 2002, pet. denied).
        Appellant 
argues that Appellee released Appellant from performance because the letter 
agreement did not specifically state December 31, 2001, as a deadline for 
cleaning up the property and Appellee verbally released Appellant from 
completing the clean up by December 31, 2001. John Owens, Appellant’s employee 
assigned to clean up the property, testified that he informed Appellee’s 
co-manager Lee Sicilio at the end of December that the clean up was going to 
take “a little longer.” According to Owens, instead of demanding that 
Appellant complete the clean up by December 31, Sicilio told Owens that he was 
happy with the progress up to that point and to “do the best you can do. We 
understand.” Sicilio testified, however, that he expected the property to be 
cleaned up, with all debris removed, on or before December 31. According to 
Sicilio, the property was covered with debris and unleasable on the date of the 
letter agreement, November 15, and he wanted the property cleaned up as soon as 
possible so that he could rent the property to another party. Considering 
Sicilio’s testimony in the light most favorable to Appellee and ignoring all 
evidence to the contrary, as required under the appropriate standard of review, 
there is some evidence that a contract for release was not formed. Consequently, 
Appellant was not excused from performance under the defense of release.
        Appellant 
additionally argues the evidence at trial demonstrated impossibility of 
performance because Appellee prevented Appellant from performing under the 
contract and circumstances arose that could not have been anticipated at the 
time the letter agreement was made. Appellant contends that Appellee restricted 
access to the property by placing a lock on the front gate to the property, 
which made it impossible to complete the clean up process. Specifically 
mentioning only the fact that Owens was hospitalized at some point during the 
clean up process, Appellant also asserts that the unexpected burden on Appellant 
to perform under the letter agreement was unreasonable under the circumstances.
        Relying 
on section 261 of the Second Restatement of Contracts, the Texas Supreme Court 
has recognized the doctrine of impossibility, which excuses a party's 
performance due to supervening circumstances which make performance impossible. Centex 
Corp. v. Dalton, 840 S.W.2d 952, 954 (Tex. 1992). Under the Second 
Restatement of Contracts,
  
Where, 
after a contract is made, a party's performance is made impracticable without 
his fault by the occurrence of an event the non-occurrence of which was a basic 
assumption on which the contract was made, his duty to render that performance 
is discharged, unless the language or the circumstances indicate the contrary.
 
 
Restatement (Second) of Contracts § 261 
(1981).[2]
 
        Our 
review of the record indicates that Appellant was not excused from performance 
under the doctrine of impossibility. Owens testified that from the end of 
November until the completion of the clean up, Appellant had access to the 
property either through a front or side entrance. Although Sicilio testified 
that he placed a lock on the front gate after finding it open, testimony from 
both Sicilio and Owens indicates that Sicilio did not place a lock on the side 
gate and the lock on the front gate was cut by an unknown party. Therefore, the 
record before us does not indicate that Appellee made it impossible for 
Appellant to perform its obligations under the letter agreement.
        Although 
Appellant also contends that the hospitalization of Owens, weather, and 
inoperable trucks, rendered performance impossible under the letter agreement, 
the record does not reflect that Appellant established impossibility of 
performance as a matter of law. Notably, Owens was not hospitalized until the 
first week in January—after the deadline for completion. As to the remaining 
supervening events, there is no evidence that the parties assumed there would 
not be inoperable vehicles or bad weather during the time period for 
performance. Although Sicilio and Owens testified that there were some days of 
bad weather in December, there is no evidence that the weather was unexpectedly 
harsh. There is also no evidence that the parties were not aware of the 
inoperable vehicles on the property when the letter agreement was executed. We 
therefore conclude that the occurrence of bad weather and inoperable vehicles 
were not supervening events that the parties assumed would not occur and hold 
that Appellant was not excused from performance under the doctrine of 
impossibility. See Restatement 
(Second) of Contracts § 261. Having concluded that Appellant cannot rely 
on the defenses of release and impossibility, we overrule Appellant’s second 
issue.
Conclusion
        Because 
we overrule both of Appellant’s issues on appeal, we affirm the trial 
court’s judgment.
 
   
                                                                   PER 
CURIAM
     
   
PANEL 
B:   HOLMAN, DAUPHINOT, and GARDNER, JJ.
 
DELIVERED: 
August 12, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Restatement (Second) of 
Contracts § 11 (1981) (noting that the second restatement substituted 
the term impracticability for impossibility as a better expression of the scope 
of the doctrine).