PAVEWAY V. LEE SICILIO

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-330-CV

PAVEWAY CONCRETE PRODUCTS, INC. APPELLANT

V.

LEE SICILIO LTD. THREE APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Paveway Concrete Products, Inc., as lessor, and Appellee Lee Sicilio, Ltd. Three, as lessee, signed a five-year lease on October 28, 1999.  On November 15, 2001, the parties signed a letter agreement to terminate the lease on December 31, 2001, provided that Appellant restored the property to the same condition it was in at the time the parties signed the original lease. Appellee filed suit against Appellant in April 2002 contending that Appellant materially breached the letter agreement by failing to remove certain items from the property and repair an on-site billboard to the same condition that it was in at the time the parties signed the original lease.  Appellant asserted a number of defenses, including release and impossibility.  After a bench trial, the trial court rendered judgment in favor of Appellee and awarded $17,200 in damages.  In two issues, Appellant asserts that 1) there is no evidence to support the trial court’s conclusion that Appellant breached the letter agreement and 2) Appellant was excused from performing as a matter of law.

Standard of Review

 
 In determining a “no-evidence” issue, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary.  
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez, 
937 S.W.2d 444, 450 (Tex. 1996);
 In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
Cazarez,
 937 S.W.2d at 450;
 Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact.  
Rocor Int’l, Inc. v. Nat’l Union Fire Ins. Co.
, 77 S.W.3d 253, 262 (Tex. 2002). 

A “no-evidence” issue may only be sustained when the record discloses one of the following:  (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez,
 977 S.W.2d 328, 334 (Tex. 1998) (citing Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)),
 cert. denied
, 526 U.S. 1040 (1999).

If an appellant is attacking the legal sufficiency of an adverse answer to an issue on which he had the burden of proof, the appellant must overcome two hurdles.  
Victoria Bank & Trust Co. v. Brady
, 811 S.W.2d 931, 940 (Tex. 1991).
  First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary.  Second, if there is no evidence to support the finding, then the entire record must be examined to see if the contrary proposition is established as a matter of law.
  Id.
; 
Sterner v. Marathon Oil Co.
, 767 S.W.2d 686, 690 (Tex. 1989).

D
iscussion

In Appellant’s first issue, it contends that there was no more than a mere scintilla of evidence that it breached the letter agreement with Appellee.  According to Appellant, the letter agreement is ambiguous because it is susceptible to at least two reasonable interpretations as to when Appellant was required to complete its obligation under the letter agreement to clean up the property.  According to Appellant, the parties intended that the property would be cleaned up within a reasonable amount of time, not by December 31, 2001.

The pertinent portions of the letter agreement state, 

3.  [Appellant] agrees to complete clean-up of the property to the same condition that the property was in at the time the Lease was signed, less normal wear and tear;

4.  [Appellant] agrees to repair the billboards to the same condition they were in at the time the Lease was signed; and

5.  [Appellant] and [Appellee] agree the Lease will terminate on December 31, 2001, unless [Appellant] holds over after December 31, 2001 (in which case [Appellant] would owe holder rent under 1.12 of the Lease) or unless [Appellant] accepts but then breaches the terms of this letter agreement.

In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. 
Coker v. Coker
, 650 S.W.2d 391, 393 (Tex. 1983).  If the instrument is worded so that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. 
Id
.; 
Philadelphia Am. Life Ins. Co. v. Turner
, 131 S.W.3d 576, 587 (Tex. App.—Fort Worth 2004, no pet.).  A contract, however, is ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning, thereby creating a fact issue as to the parties’ intent.
  Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd., 
940 S.W.2d 587, 589 (Tex. 1996);  
Coker
, 650 S.W.2d at 393-94.  Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered.
  Coker
, 650 S.W.2d at 394.  Even if neither party asserts that the policy is ambiguous, the court may determine that the policy is ambiguous, and consider parol evidence of the parties' intentions.  
See
 
Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.
, 907 S.W.2d 517, 520 (Tex. 1995); 
Sage St. Assocs. v. Northdale Constr. Co.
, 863 S.W.2d 438, 445 (Tex. 1993) (holding that even if neither party pleads ambiguity, a trial judge may conclude a contract is ambiguous); 
Coker
, 650 S.W.2d at 393 (concluding agreement was ambiguous even though parties affirmatively asserted it was unambiguous, and trial court and court of appeals agreed it was unambiguous). 

The trial court filed findings of fact and conclusions of law stating, in pertinent part:

6.  By the Agreement, the parties agreed that [the] lease would terminate on December 31, 2001 unless, among other things, [Appellant] breached the terms of the . . . letter agreement.  

7.  Defendant breached paragraph 3 of the Agreement because it:

a.  failed to remove [two] old inoperable trucks from the property;

b.  failed to remove an old trailer from the property;

c.  failed to remove a pile of rocks from the property;

d.  failed to remove a pile of wood from the property; 

e.  failed to remove piles of garbage from the property.

The record before us does not reveal whether the trial court concluded that the letter agreement required Appellant to clean up the property by December 31 because it unambiguously stated such terms or because, despite the letter agreement’s ambiguity, parol evidence established that the parties intended for the agreement to mandate clean up by December 31, 2001.  Nevertheless, our review of the record leads us to conclude that even if the parties, as Appellant asserts, agreed that Appellant would clean up the property within a reasonable time, Appellant breached the terms of the letter agreement.   

Although the letter agreement stated that the lease would terminate on December 31, 2001, the evidence indicates that Appellant did not complete the clean up of the property until February 8 or 18, 2002.  In light of testimony that the property could not be leased with trucks and piles of rocks, wood, and garbage remaining on the property, we conclude that an additional month or more, rent free, to complete performance of its obligation to leave the property in the condition that it was in at the time the lease was signed, is not a reasonable time.  
See CherCo Props., Inc. v. Law, Snakard & Gambill, P.C.
, 985 S.W.2d 262, 266 (Tex. App.—Fort Worth 1999, no pet.)
 (holding that where no time for performance is stated, the law will imply a reasonable time; what is reasonable depends on the facts and circumstances as they existed on the date of the contract).  This is especially true considering that the letter agreement was signed in November, 2001—leaving almost three entire months between the execution of the letter agreement and Appellant’s completion of the clean up process.  We further note that under the terms of the previous lease, Appellant was expected to vacate the premises “upon the expiration of the Lease Term or earlier termination of this Lease.”  Appellant’s first issue is overruled. 

Appellant alternatively argues, in its second issue, that it was excused from performing as a matter of law under the defenses of release and impossibility.  Generally, a release surrenders legal rights or obligations between the parties to an agreement. 
 Dresser Indus. Inc. v. Page Petroleum, Inc.
, 853 S.W.2d 505, 508 (Tex. 1993).  A release is a contract subject to the rules of contract construction.  
Williams v. Glash
, 789 S.W.2d 261, 264 (Tex. 1990).  Accordingly, in order to establish the affirmative defense of release, Appellant is required to prove the elements of a contract.  
Vera v. N. Star Dodge Sales, Inc
., 989 S.W.2d 13, 17 (Tex. App.—San Antonio 1998, no pet.) (op. on reh’g).  The elements required for the formation of a valid and binding contract are:  1) an offer; 2) acceptance; 3) a meeting of the minds; 4) each party's consent to the terms; and 5) execution and delivery of the contract with the intent that it be mutual and binding.  
Wal-Mart Stores, Inc. v. Lopez
, 93 S.W.3d 548, 555-56 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  The elements of written and oral contracts are the same and must be present for a contract to be binding.  
Id
.  “In determining the existence of an oral contract, the court looks to the communications between the parties and to the acts and circumstances surrounding those communications.”  
Prime Prods., Inc. v. S.S.I. Plastics, Inc.
, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

Appellant argues that Appellee released Appellant from performance  because the letter agreement did not specifically state December 31, 2001, as a deadline for cleaning up the property and Appellee verbally released Appellant from completing the clean up by December 31, 2001.  John Owens, Appellant’s employee assigned to clean up the property, testified that he informed Appellee’s co-manager Lee Sicilio at the end of December that the clean up was going to take “a little longer.”  According to Owens, instead of demanding that Appellant complete the clean up by December 31, Sicilio told Owens that he was happy with the progress up to that point and to “do the best you can do.  We understand.”  Sicilio testified, however, that he expected the property to be cleaned up, with all debris removed, on or before December 31.  According to Sicilio, the property  was covered with debris and unleasable on the date of the letter agreement, November 15, and he wanted the property cleaned up as soon as possible so that he could rent the property to another party.  Considering Sicilio’s testimony in the light most favorable to Appellee and ignoring all evidence to the contrary, as required under the appropriate standard of review, there is some evidence that a contract for release was not formed.  Consequently, Appellant was not excused from performance under the defense of release. 

Appellant additionally argues the evidence at trial demonstrated impossibility of performance because Appellee prevented Appellant from performing under the contract and circumstances arose that could not have been anticipated at the time the letter agreement was made.  Appellant contends that Appellee restricted access to the property by placing a lock on the front gate to the property, which made it impossible to complete the clean up process.  Specifically mentioning only the fact that Owens was hospitalized at some point during the clean up process, Appellant also asserts that the unexpected burden on Appellant to perform under the letter agreement was unreasonable under the circumstances.

Relying on section 261 of the Second Restatement of Contracts, the Texas Supreme Court has recognized the doctrine of impossibility, which excuses a party's performance due to supervening circumstances which make performance impossible.  
Centex Corp. v. Dalton
, 840 S.W.2d 952, 954 (Tex. 1992).  Under the Second Restatement of Contracts, 

Where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate the contrary.

Restatement (Second) of Contracts 
§ 261 (1981).
(footnote: 2)  

Our review of the record indicates that Appellant was not excused from performance under the doctrine of impossibility.  Owens testified that from the end of November until the completion of the clean up, Appellant had access to the property either through a front or side entrance.  Although Sicilio testified that he placed a lock on the front gate after finding it open, testimony from both Sicilio and Owens indicates that Sicilio did not place a lock on the side gate and the lock on the front gate was cut by an unknown party.  Therefore, the record before us does not indicate that Appellee made it impossible for Appellant to perform its obligations under the letter agreement. 

Although Appellant also contends that the hospitalization of Owens, weather, and inoperable trucks, rendered performance impossible under the letter agreement, the record does not reflect that Appellant established impossibility of performance as a matter of law.  Notably, Owens was not hospitalized until the first week in January—after the deadline for completion.  As to the remaining supervening events, there is no evidence that the parties assumed there would not be inoperable vehicles or bad weather during the time period for performance.  Although Sicilio and Owens testified that there were some days of bad weather in December, there is no evidence that the weather was unexpectedly harsh.  There is also no evidence that the parties were not aware of the inoperable vehicles on the property when the letter agreement was executed.  We therefore conclude that the occurrence of bad weather and inoperable vehicles were not supervening events that the parties assumed would not occur and hold that Appellant was not excused from performance under the doctrine of impossibility.  
See 
Restatement (Second) of Contracts § 261.  
Having concluded that Appellant cannot rely on the defenses of release and impossibility, we overrule Appellant’s second issue.  

Conclusion

Because we overrule both of Appellant’s issues on appeal, we affirm the trial court’s judgment.   

   PER CURIAM 

PANEL B: HOLMAN, DAUPHINOT, and GARDNER, JJ.

DELIVERED:  August 12, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See 
Restatement (Second) of Contracts 
§ 11 (1981) (noting that the second restatement substituted the term impracticability for impossibility as a better expression of the scope of the doctrine).