Opinion issued February 27, 2009

















Opinion issued January 28, 2010

 

 



 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00359-CV




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



DEBORAH H. UNDERWOOD GRAVES,
Appellant

 

V.

 

NANCY D. LOGAN, Appellee

 

 



On Appeal from the 212th District Court

Galveston County, Texas

Trial Court Cause No. 06CV1225




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

           This is a suit for declaratory relief and
contract damages associated with an outstanding note secured by real
property.  After Deborah Graves failed to
provide Nancy Logan with a pay-off statement of the balance of principal and
interest Logan owed Graves on a promissory note so that Logan could satisfy the
note in time for her to close on a sale of the property to a third party, Logan
sued Graves, seeking a determination of the amount of principal and interest owed
on the note as well as attorney’s fees and actual damages, based on a breach of
contract theory.  The trial court granted
summary judgment to Logan, awarded Logan damages for Graves’s failure to
provide a pay-off statement, released the underlying lien on the property, and
awarded attorney’s fees.  On appeal,
Graves challenges the propriety of the trial court’s grant of summary judgment
on Logan’s
breach of contract claim.  Finding that
Logan failed to prove the existence of a contract as a matter of law, we
reverse the trial court’s summary judgment in favor of Logan on her breach of
contract claim and remand for further proceedings.  We affirm the remainder of the trial court’s
judgment.

Background

In April 2000, Graves and Logan
signed a promissory note conveying Graves’s property to Logan for $35,000.  In 2006, Logan contracted with a third party to sell
the property.  Shortly before the June
2006 closing date, the title company retained for the sales transaction asked
Graves to provide a payoff statement containing the total amount of unpaid
interest and principal Logan
owed on the loan.  Graves
did not immediately provide a figure. 
She informed the title company that she had concerns about the matter
because she did not have proof that Logan had made all the payments.  

By September 1, 2006, Logan still had not received a response from Graves, so
she sent Graves a letter emphatically
restating her request for a payoff figure. 
Even after that written request, Graves
did not provide the requested information until late October 2006, and the
figure she provided overstated the actual balance due by more than $6,000.  In the meantime, the earnest money contract
between Logan and the third party expired, and the sale did not occur.  

Logan sued Graves,
asking for a declaration specifying the total amount of principal and accrued
interest due on the promissory note.  Logan also sought damages under a breach of contract
theory, contending that, under the lien, Graves, as the note holder, had an
implied duty to cooperate with Logan
in “determining the amount of unpaid principal and accrued interest on a given
installment date.”  Logan claimed that
Graves’s breach of that implied term caused Logan incur damages from a planned
sale of the property she lost as a result of her inability to convey clear
title before the expiration of the earnest money contract.  

The trial court granted Logan’s
motion.  In addition to the requested
declaratory relief and attorney’s fees, which are not at issue in this appeal,
the trial court awarded actual damages of $17,463.24, then offset that amount
against the remaining lien and released the lien, leaving a net award of $3,181.10.

Discussion

Standard of review

Graves challenges the propriety of
the trial court’s summary judgment in favor of Logan on her breach of contract
claim.  A plaintiff moving for summary
judgment must conclusively prove all essential elements of its claim.  See Tex. R. Civ. P. 166a(a), (c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986); Roberts v. Clark, 188 S.W.3d 204, 209
(Tex. App.—Tyler 2002, pet. denied). We review a trial court’s summary judgment
de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accid. Ins. Co. v. Knott, 128 S.W.3d 211, 215
(Tex.
2003).  When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  Dorsett,
164 S.W.3d at 661; Knott, 128 S.W.3d
at 215; Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). 
Under Texas Rule of Civil Procedure 166a(c), the party moving for
summary judgment bears the burden of showing that no genuine issue of material
fact exists and that it is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Knott, 128
S.W.3d at 215–16.  

Breach of contract

 

          The
essential elements in a suit for breach of contract are: (1) the existence of a
valid contract; (2) the plaintiff performed or tendered performance; (3) the
defendant breached the contract; and (4) the plaintiff was damaged as a result
of the breach.  Bank of Tex. v. VR Elec., Inc., 276 S.W.3d 671, 677 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); Prime Prods., Inc. v. S.S.I. Plastics, Inc.,
97 S.W.3d 631, 636 (Tex. App.—Houston
[1st Dist.] 2002, pet. denied).  “A breach of contract occurs when a party
fails to perform an act that it has expressly or impliedly promised to perform.”  Case
Corp. v. Hi-Class Bus. Sys. of Am., Inc., 184 S.W.3d 760, 769–70 (Tex.
App.—Dallas 2005, pet. denied).  

Neither party contests the validity
of the promissory note and deed of trust, which do not contain an express
provision that requires Graves to provide the payoff figure.  At issue in this case is whether Graves had
an obligation, implied by Texas law, to provide Logan with a payoff figure
within a “reasonable” amount of time after Logan’s request, and if so, the
existence and amount of damages incurred by Logan as a result of the breach of
that obligation.  

Existence
of duty

 

The trial court’s summary judgment
ruling rests solely on the sworn statement of Logan’s attorney that 

the
recognized and established, though unwritten, procedure in the State of Texas
to consummate a sale of real property against which there is a deed of trust
lien is for the title insurance company which will be issuing the an [sic]
owner’s policy of title insurance to the purchaser of the property to (i)
request from the lender or lien holder a statement of the outstanding principal
balance and unpaid accrued interest owning on the promissory note as of the
closing date . . ., [and] (ii) obtain from such lender or lien holder the
“Pay-off” . . . .  The foregoing
procedure is so well established in the State of Texas that its inclusion in the documents
between the lender and the borrower (i.e. the promissory note and the deed of
trust) is not necessary. . . . 


“A contract implied in law, or a
quasi-contract, is distinguishable from a true contract because a
quasi-contract is a legal fiction, an obligation imposed by law regardless of
any actual agreement between the parties.” 
Fraud-Tech, Inc. v. Choicepoint,
Inc., 102 S.W.3d 366, 386 (Tex. App.—Fort Worth 2003, pet. ref’d); see Fortune Prod. Co. v. Conoco, Inc.,
52 S.W.3d 671, 684 (Tex.
2000).  

Graves contends that the trial court
erred in holding that she owed Logan an implied duty to provide a payoff amount
because the promissory note did not require her to do so.  According to Graves, her sole obligation
under the deed of trust is to release the lien after Logan’s
performance of all conditions precedent—in other words, after Logan paid the note in full according to its
terms.  

Logan is correct that “[a] duty to
cooperate is implied in every contract in which cooperation is necessary for performance
of the contract.  If applicable, this
implied duty requires that a party to a contract may not hinder, prevent, or
interfere with another party’s ability to perform its duties under the
contract.”  Case Corp., 184 S.W.3d at 770. 
Graves did not, however, interfere with Logan’s ability to perform Logan’s
duties under the deed of trust and promissory note.  At most, Graves arguably interfered with Logan’s
pursuit of benefits incidental to the full execution of her obligations under
the promissory note.  See id. at 774 (distinguishing performance of agreement from benefits derived from agreement in determining whether party had
duty to cooperate).  Logan does not
identify any authority that supports the imposition of an implied obligation to
provide a payoff amount.

According to the Texas Property Code,
every conveyance of real property contains certain implied covenants “unless
the conveyance expressly provides otherwise.” 
Tex. Prop. Code Ann. § 5.023
(Vernon 2004).  These include implied
covenants

(1)     that prior to the
execution of the conveyance the grantor has not conveyed the estate or any
interest in the estate to a person other than the grantee; and

(2)     that at the time of the
execution of the conveyance the estate is free from encumbrances.

Tex. Prop.
Code Ann. 5.023(a).  Another Texas statute specifically obligates
a seller to provide a payoff figure on request, but that obligation applies
only if the transaction involves “an an executory contract for conveyance of
real property,” which the Property Code defines as “an option to purchase real
property that includes or is combined or executed concurrently with a
residential lease agreement, together with the lease.”  Tex.
Prop. Code Ann. § 5.062(a)(2) (Vernon Supp. 2009); see Tex. Prop. Code Ann.
§ 5.083 (Vernon Supp. 2009).  But Logan
has not adduced summary judgment evidence to prove that the conveyance here
falls within that statutory definition (like a lease agreement), nor did she plead
her case or move for summary judgment on this statutory basis.  Logan has not brought to our attention, and
we have not found, any precedential authority to support the existence of an
implied covenant to provide a payoff amount in a transaction involving a
promissory note and deed of trust.[1]  Accordingly, we hold that the trial court
erred in granting summary judgment in favor of Logan based on the existence of
such a duty.  




Conclusion

We reverse the trial court’s summary judgment
on Logan’s breach of contract claim and remand for further proceedings.  We leave undisturbed the trial court’s grant
of declaratory relief establishing the payoff amount of the loan as of the date
of the judgment and award of attorney’s fees, which were not challenged on
appeal.

 

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Bland,
Sharp, and Taft.[2]

Justice Sharp, concurring and
dissenting, with opinion to follow.











[1]  The parties do
not contend or brief that any other Texas statue obligates a contracting party
to provide a pay-off amount, and we are aware of none.  Similarly, Graves does not assert, and thus
we do not address, whether any federal law or regulation imposes such an
obligation.





[2]  Justice Tim
Taft, who retired from the First Court of Appeals on June 1, 2009, continues to
sit by assignment for the disposition of this case, which was submitted on
January 27, 2009.