**Jim WELLS, d/b/a Charlie's Truck Stop, Appellant,**

v.

**Ernest Floyd HODGES, Appellee.**

No. 16281.

Court of Civil Appeals of Texas, San Antonio.

June 18, 1980.

Rehearing Denied July 25, 1980.

---

Joe Meador, San Antonio, for appellant.

Robert R. Biechlin, Jr., Thornton, Summers & Brock, San Antonio, for appellee.

## OPINION

CADENA, Chief Justice.

Plaintiff, Ernest Floyd Hodges, filed this suit to recover for the loss of his truck by theft due to the negligence of defendants, Jim Wells, d/b/a Charlie's Truck Stop, Red Jay, Inc., d/b/a Charlie's Truck Stop, and Fuel Stop, Inc. Plaintiff alleged that defendants were in possession of his truck as bailees at the time the vehicle was stolen. Defendants appeal from a judgment, based on jury findings, in favor of plaintiff.

Defendants' first four points of error present the contention that there was no evidence of a bailment.

There was testimony that on September 3, 1976, plaintiff drove his truck to Charlie's Truck Stop for the purpose of having the vehicle greased, and he was told by the manager of the place of business that they would service the truck if time permitted or if they could "get to it." Plaintiff then drove his truck onto the grease rack and left it there with engine running and the keys in the ignition. Plaintiff testified that this was the customary practice of those dealing with defendants.

When plaintiff called for his truck it could not be found. The defendants' manager denied having serviced the truck and stated that he had never had the keys to the truck.

Such testimony is clearly some evidence that the truck in question was delivered by plaintiff to defendants. The testimony that it was common practice for patrons of the truck stop to park trucks left

for servicing on the grease rack with the keys in the ignition and the engine running is evidence of acceptance of the vehicle by defendants. *See Allright, Inc. v. Elledge,* 508 S.W.2d 864, 866 (Tex.Civ.App.–Houston [1st Dist.] 1974, no writ).

■ Defendants argue that since, at best, the understanding between the parties was that the truck would be greased if time permitted, defendants incurred no obligation since there is no evidence that defendants had time to grease the truck. The "condition precedent" on which defendants rely was not a condition precedent to the formation of a contract. The condition was a limitation on defendant's duty to perform his obligation to grease the truck. *See Hohenberg Bros. Co. v. George E. Gibbons and Co.,* 537 S.W.2d 1 (Tex.1976). Once the contract was formed and the truck was delivered and accepted, the relationship of bailor–bailee was established and the duty to protect the vehicle arose, although the duty to service the truck remained contingent.

Points 5 and 6 assign as error the submission of special issues 1 and 2 over defendants' objections because the issues did not "set forth the critical elements of a bailment of (1) delivery, (2) consideration, (3) agreement, either express or implied, and (4) acceptance . . . ."

With respect to special issue 1, defendants' contention is essentially that the issue made no inquiry concerning "delivery" of the truck by plaintiff to defendants, since the issue merely inquired if, on September 3, 1976, plaintiff "left the White truck and trailer in question with Charlie's Truck Stop with request for a grease job."

■ According to Black's Law Dictionary 1036 (4th ed. 1951), the verb "leave" means, among other things, "to deliver." In submitting issues a court is only required to frame its questions in such plain language as the jury can easily understand. *McAllister v. Gardner,* 373 S.W.2d 316, 321 (Tex.Civ.App.–Dallas 1963, writ ref'd n. r. e.). We are not persuaded that the use of "left . . . with" conveyed to the jury

a meaning materially different from that which would have been conveyed by use of "delivered . . . to." There is no basis for concluding that the wording of the issue resulted in harm to defendants.

In their brief defendants assert that special issue 2 is "ambiguous, vague, and, at best, nonsensical," and that an answer to the issue "tells the Court . . . nothing." However, the only complaint which has been both briefed and preserved by proper objection is that special issue 2 does not submit a critical element of bailment and is only evidentiary.

The issue inquired whether "Charlie's Truck Stop acting through an official or employee accepted the White truck and the trailer in question for a grease job, if the amount of business permitted."

■ The issue unequivocally inquires whether defendants accepted the vehicle. It inquires as to a single material question of fact. The fact inquired about constitutes a required element of plaintiff's cause of action. The issue of acceptance is, therefore, not evidentiary. It is, rather, a critical element in determining the existence of a bailment. *Ragland v. Allright Parking, Inc.,* 559 S.W.2d 858, 859 (Tex.Civ.App.–San Antonio 1977, no writ). The addition of the words, "if the amount of business permitted," does not render the issue defective, since such language refers to defendants' obligation to service the truck and does not refer to the acceptance of the truck. The testimony is undisputed that when plaintiff left the truck he was told that it would be greased if time permitted. Ordinarily, no harm results from the inclusion of an undisputed fact in an issue inquiring as to the existence of a disputed fact. *Consolidated Underwriters v. Whittaker,* 413 S.W.2d 709, 715 (Tex.Civ.App.–Tyler 1967, writ ref'd n. r. e.).

In answer to special issues 3 and 5 the jury found that defendants were negligent in not locking the truck and in failing to maintain a round–the–clock watch over the vehicle. Defendants, by points 7 and 9, complain that these issues were defective

because they do not inquire as to the date when such negligence occurred.

Special issue 3 inquired about defendants' failure to use the required degree of care "with respect to securing the truck with doors and ignition locking." Special issue 5 concerned failure to use the required degree of care "with respect to providing around the clock watching supervision for the White truck and trailer in question."

■ We do not consider that the form of submission "leaves the date to guess, speculation and surmise as to whether or not" defendants "failed to use that degree of care on any particular date   .   .   .," as appellants contend in point of error no. 7. This was the gist of defendants' objection to the two special issues. Unless we are to assume that the members of the jury lacked even ordinary intelligence, it is clear that the issues, which explicitly referred to the truck, could only be reasonably interpreted as encompassing the time during which defendants had the truck in their possession.

Points 8 and 10 assign as error the fact that special issues 4 and 6, the proximate issues, were made conditional on affirmative findings to issues 3 and 5. Defendants contend that this was error because issues 3 and 5 were defective. We have held that issues 3 and 5 were not defective. Defendants' complaint is without merit.

The trial court refused to submit defendants' requested special issues inquiring whether plaintiff had been guilty of contributory negligence.

■ It is well settled that in bailment cases, once the bailment has been created the antecedent negligence of the bailor is not a defense to a claim against the bailee for breach of his duty to safeguard the bailed item. *Allright, Inc. v. Yeager*, 512 S.W.2d 731, 734 (Tex.Civ.App.–Houston [1st Dist.] 1974, writ ref'd n. r. e.); *Vollmer v. Stoneleigh–Maple Terrace, Inc.*, 226 S.W.2d 926, 928 (Tex.Civ.App.–Dallas 1950, writ ref'd).

The judgment of the trial court is affirmed.