*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*




# MEMORANDUM OPINION

No. 04-09-00479-CV

**FFE TRANSPORTATION SERVICES, INC.**,
Appellant

v.

Luis **MARTINEZ** and Julio Martinez, Individually and d/b/a Cedimexa Forwarding,
Appellees

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2007-CVQ-001724-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:          Karen Angelini, Justice
                  Phylis J. Speedlin, Justice
                  Rebecca Simmons, Justice

Delivered and Filed:  October 27, 2010

AFFIRMED AS MODIFIED

FFE Transportation Services, Inc. sued Luis Martinez and Julio Martinez, individually

and d/b/a Cedimexa Forwarding, (collectively, "Cedimexa"), for the loss of a trailer. A jury

found in favor of FFE on its claims for negligence and breach of a bailment agreement. The trial

judge rendered judgment in favor of FFE and against Cedimexa, but awarded no attorney's fees

and reduced FFE's compensatory damages based on the jury's contributory negligence and

apportionment of liability findings. FFE appealed. In two issues, FFE argues the trial judge erred

by failing to award it full compensation for the loss of the trailer and attorney's fees in accordance with the jury's findings. We sustain FFE's issues, modify the judgment to authorize full compensation for the loss of the trailer and payment of attorney's fees, and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

FFE is an interstate motor carrier based in Dallas, Texas. Cedimexa is a forwarding company based in Laredo, Texas. As a forwarding company, Cedimexa facilitates the export of goods into Mexico.

In April 2005, FFE was hired to drive a trailer of merchandise from Miami, Florida to Laredo, Texas. The trailer was owned by FFE. The merchandise, which belonged to a third party not involved in this case, was ultimately destined for Mexico City. Accompanying the merchandise was a bill of lading. According to the instructions on the bill of lading, the merchandise was to be delivered to Cedimexa's facility in Laredo, Texas. Thereafter, the merchandise was to be driven across the Texas-Mexico border and delivered to Mexico City.

The merchandise was delivered to Cedimexa's Laredo facility on April 28, 2005. A Cedimexa employee signed the bill of lading. The trailer containing the merchandise was left on Cedimexa's premises so its employees could unload the merchandise in the trailer, count and categorize the merchandise, and prepare documentation for the merchandise to pass through customs. Seven days later, on May 5, 2005, after Cedimexa had prepared the customs documentation and was ready to reload the merchandise for transfer, a Cedimexa employee noticed that FFE's trailer was gone. The Cedimexa employee contacted FFE and reported the missing trailer to the police. The trailer was never recovered.

FFE sued Cedimexa for negligence and breach of a bailment agreement.[1] In its petition, FFE alleged separate facts to support each claim. However, as to both claims FFE sought to recover the value of the trailer plus the attorney's fees it incurred in prosecuting the lawsuit. Cedimexa answered the suit, raising the affirmative defense of contributory negligence. The case was tried to a jury.

At trial, witnesses testified about the customs and practices in this area of commerce and the arrangement between FFE and Cedimexa. Martin Gomez, an FFE employee, testified as follows. At the time FFE's trailer disappeared, FFE had been driving loads from Miami to Laredo for about a year, and had been delivering two or three trailers per week to Cedimexa. The bill of lading in this case stated it was "door to door," which meant the merchandise in the trailer was supposed to go from its origin to its final destination in the same trailer, without switching trailers before crossing the border. The bill of lading also stated that the driver was not to unload the merchandise. Additionally, Gomez testified that it was common knowledge that empty trailers in Laredo were subject to theft, and security measures were taken by forwarding companies to protect trailers left in their yards. These security measures included special devices called "pin locks" that were placed on the trailers to prevent theft.

Another FFE employee, Tom Goudie, testified that leaving the trailer on Cedimexa's premises allowed Cedimexa to unload the merchandise at its convenience. Goudie further testified that generally in this area of commerce whoever signs the bill of lading is responsible for the trailer until the transfer company comes to retrieve the trailer.

Joseph Martinez, an expert witness, also testified on FFE's behalf. Martinez testified that when, as here, the bill of lading indicates the delivery is "door to door," the driver delivers the

---

[1]FFE also sued for loss of use of the trailer and conversion; however, the trial judge granted Cedimexa's motion for directed verdict on these claims.

trailer and its merchandise to the forwarding company, then leaves the trailer with the forwarding company until further notice. Under these circumstances, the responsibility for the merchandise and the trailer falls on the forwarding company for as long as it has the trailer in its possession. While the forwarding company has the trailer in its possession, it classifies the merchandise and prepares the necessary documentation for customs. Typically, this takes several days. This arrangement benefits the forwarding company, allowing it to unload the trailer, classify the merchandise, and reload the trailer at its convenience. Once the trailer is reloaded, a drayage company, hired by the owner of the merchandise, retrieves the trailer from the forwarding company and drives the trailer across the border.

Julio Martinez, a manager and one of Cedimexa's owners, testified. He testified that under the bill of lading in this case, which was signed by a Cedimexa employee, Cedimexa accepted delivery of the merchandise contained in FFE's trailer, but not of the trailer itself. No Cedimexa employee ever asked FFE to remove the trailer from the premises. Cedimexa used a pin lock to secure a trailer left on its premises when it had a written interchange agreement with the trailer's owner. A pin lock was not used to secure FFE's trailer.

Finally, Lourdes Liendo, an expert witness for Cedimexa, testified as follows. According to Liendo, the bill of lading in this case indicated receipt of the merchandise, but not receipt of the trailer itself. In addition, an interchange agreement is a document between the carrier and the forwarding company that expressly places the responsibility for a trailer upon the forwarding company. Interchange agreements, which are not used on a regular basis, are more commonly used by maritime carriers than by trucking companies.

The trial judge submitted both the negligence and the breach of a bailment agreement theories to the jury. Specifically, the jury was asked to answer the following questions:

1. Did FFE Transportation and CEDIMEXA agree to a bailment of the subject trailer?

2. Did CEDIMEXA fail to comply with the bailment?

3. Did CEDIMEXA derive a benefit from the bailment of the trailer?

4. Did the negligence, if any, of [CEDIMEXA or FFE TRANSPORTATION] proximately cause the loss of the trailer subject of this suit?

5. What percentage of the negligence that caused the loss of the trailer [is] attributable to each of those [] found by you in your answer to Question No. 4 to have been negligent?

The jury returned a unanimous verdict in favor of FFE as to both its breach of a bailment agreement and negligence claims. The jury made the following findings:

- FFE and Cedimexa agreed to a bailment of the trailer, Cedimexa failed to comply with the bailment, and Cedimexa derived a benefit from the bailment of the trailer;

- both Cedimexa and FFE were negligent and a proximate cause of the loss of the trailer;

- responsibility for the loss of the trailer was apportioned seventy percent to Cedimexa and thirty percent to FFE;

- $39,000.00 was a fair and reasonable compensation for the loss of the trailer; and

- FFE incurred $19,000.00 in reasonable attorney's fees in bringing and prosecuting the case through trial.

Cedimexa filed a motion for judgment notwithstanding the verdict and a motion for new trial. The trial court held hearings on the motions, but neither motion was granted. Instead, the trial judge rendered judgment on the verdict.

Although several amended judgments were signed by the trial judge, only two are relevant to the issues presented in this appeal. On May 15, 2009, the trial judge signed an amended judgment that reduced FFE's compensation for the loss of the trailer by thirty percent

in accordance with the jury's apportionment of liability findings and awarded no attorney's fees. This amended judgment authorized FFE to recover $27,300.00 from Cedimexa, rather than the full $39,000.00 that the jury found to be fair and reasonable compensation for the loss of the trailer.

In response to the May 15, 2009, amended judgment, FFE filed a motion to disregard the jury's negligence findings and to modify the judgment. In that motion, FFE argued the jury's answers to questions four and five—its negligence and apportionment of liability findings—should be disregarded because they were immaterial. Specifically, FFE argued any negligence on the part of FFE after Cedimexa took possession and control of the trailer was immaterial because under bailment law, once Cedimexa took possession and control of the trailer, it bore exclusive responsibility for the trailer. Alternatively, FFE argued there was no evidence to support a finding of negligence on its part and, once the trailer was turned over to Cedimexa, no act or omission on the part of FFE could have been a proximate cause of the loss of the trailer. FFE also sought to modify the judgment to include the jury's findings on attorney's fees.

On August 28, 2009, the trial judge signed another amended judgment, which replaced the May 15, 2009, judgment. The August 28, 2009, judgment authorized prejudgment and postjudgment interest, but expressly denied FFE's motion to disregard certain jury findings and to modify the judgment to include attorney's fees. Thus, the judgment rendered by the trial judge authorized FFE to recover $27,300.00 from Cedimexa and awarded no attorney's fees. FFE appealed.

**MOTION TO DISREGARD CERTAIN JURY FINDINGS**

In its first issue, FFE argues the trial court erred in refusing to disregard the jury's negligence and apportionment of liability findings because they were immaterial in light of the jury's findings that Cedimexa breached the parties' bailment agreement.

A jury question should be disregarded if it is immaterial. *Se. Pipe Line Co., Inc. v. Tichacek*, 997 S.W.2d 166, 172 (Tex. 1999). "A question is immaterial when it should not have been submitted, it calls for a finding beyond the province of the jury, such as a question of law, or when it was properly submitted but has been rendered immaterial by other findings." *Id*.

"Claims for breaches of bailment agreements generally can be brought as contract or tort claims depending on the particular facts of the case and the type of action the plaintiff chooses to assert." *Barker v. Eckman*, 213 S.W.3d 306, 310 (Tex. 2006). Bailment is defined as follows:

> A delivery of personal property by one person (the bailor) to another (the bailee) who holds the property for a certain purpose under an express or implied-in-fact contract. Unlike a sale of personal property, a bailment involves a change in possession, but not title.

BLACK'S LAW DICTIONARY 151-52 (8th ED. 2004). The elements of bailment are (1) the delivery of personal property from one person to another for a specific purpose, (2) acceptance by the transferee of such delivery, (3) an agreement that the purpose will be fulfilled, and (4) an understanding that property will be returned to the transferor. *Prime Products, Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 635 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). A bailment agreement may be express or implied. *Berlow v. Sheraton Dallas Corp.*, 629 S.W.2d 818, 821 (Tex. App.—Dallas 1982, writ ref'd n.r.e.).

A bailment is for the mutual benefit of the parties when the property of the bailor is delivered to and accepted by the bailee as an incident to the business in which the bailee makes a profit. *Andrews v. Allen*, 724 S.W.2d 893, 895 (Tex. App.—Austin 1987, no writ). The bailee

need not obtain any direct monetary benefit. *Id*. In a bailment for the mutual benefit of the parties, the bailee is held to an ordinary or reasonable degree of care in safekeeping the subject matter of the bailment. *Prime Products*, 97 S.W.3d at 635 (citing *Trammell v. Whitlock*, 242 S.W.2d 157, 159 (1951)); *Ampco Auto Parks, Inc. v. Williams*, 517 S.W.2d 401, 403 (Tex. App.—Dallas 1974, writ ref'd n.r.e.). Moreover, in a bailment for the mutual benefit of the parties, a rebuttable presumption of negligence arises upon proof that the subject matter of the bailment was destroyed or not returned. *Prime Products*, 97 S.W.3d at 635; *Andrews*, 724 S.W.2d at 896. To overcome this presumption, the bailee has the burden of showing the cause of the loss or damage resulted from some other cause consistent with due care on its part. *Prime Products*, 97 S.W.3d at 635; *Andrews*, 724 S.W.2d at 896-97.

The present case was pleaded, tried, and submitted to the jury on both contract and tort theories, and the jury found in favor of FFE on both theories. Specifically, the jury found that FFE and Cedimexa agreed to a bailment of the trailer and Cedimexa failed to comply with the agreement. The jury also found that Cedimexa and FFE were negligent, and their negligence was the proximate cause of the loss of the trailer. Cedimexa did not appeal these findings.

FFE argues that, under its breach of a bailment agreement theory, once the bailment was created and Cedimexa took possession of FFE's trailer, Cedimexa had the sole responsibility to safeguard it. FFE further argues that because of the bailment agreement, once the trailer was taken from Cedimexa's premises, Cedimexa's liability was established. We agree. Under FFE's breach of a bailment agreement theory, nothing FFE did or did not do could affect Cedimexa's liability. *See Wells v. Hodges*, 604 S.W.2d 218, 221 (Tex. Civ. App.—San Antonio 1980, no writ) ("It is well settled that in bailment cases, once the bailment has been created the antecedent negligence of the bailor is not a defense to a claim against the bailee for breach of his duty to

safeguard the bailed item."). Thus, when the trial court reduced Cedimexa's liability based on the jury's negligence findings, it committed error. *See Reveille Trucking, Inc. v. Loera Customs Brokerage, Inc.*, No. 13-08-00127-CV, 2010 WL 2638494, at \*6 (Tex. App.—Corpus Christi 2010, pet. filed) (holding in a bailment case that a reduction in damages based on comparative negligence was improper).

In defending the trial judge's denial of FFE's motion to disregard certain jury findings, Cedimexa makes two categories of arguments. First, Cedimexa argues the trial judge was authorized to "exercise [his] discretion" and "harmonize" the jury's negligence and breach of a bailment agreement findings. Second, Cedimexa argues the jury's negligence findings rendered the jury's breach of a bailment agreement findings immaterial. These arguments are unconvincing. The trial judge had no discretion to harmonize the jury's breach of a bailment agreement and negligence findings, nor could he conclude that the breach of a bailment agreement findings were immaterial. The rules of civil procedure require a judgment to be framed to give a party all the relief to which it may be entitled under the law. TEX. R. CIV. P. 301. And, when a party tries a case on alternative theories of recovery and a jury returns favorable findings on two or more theories, the party has a right to a judgment on the theory entitling it to the greatest or most favorable relief. *Boyce Iron Works, Inc. v. Sw. Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988).

Here, the jury's bailment findings authorized FFE to be compensated for the full value of the trailer. Thus, FFE's bailment theory afforded it the greatest recovery. Because FFE's bailment theory afforded FFE the greatest recovery, the trial judge should have disregarded the jury's negligence findings and rendered judgment only on the jury's bailment findings. We hold the trial judge should have granted FFE's motion to disregard, disregarded the jury's answers to

the negligence questions, and signed a judgment authorizing FFE to recover the full $39,000.00 for the loss of its trailer. FFE's first issue is sustained.

## ATTORNEY'S FEES

In its second issue, FFE argues the trial court erred in not awarding it attorney's fees in accordance with the jury's finding on attorney's fees.

Because the jury found in favor of FFE on its contractual theory, and FFE was permitted to recover on this theory, the trial court should have rendered a judgment authorizing FFE to recover $19,000.00 in attorney's fees. *See Olin Corp. v. Cargo Carriers, Inc.*, 673 S.W.2d 211, 217 (Tex. App.—Houston [14th Dist.] 1984, no writ) (awarding attorney's fees when bailee's liability arose under contract); *see also Reveille Trucking*, 2010 WL 2638494, at *6 ("[B]ailment is a contract action, therefore attorney's fees are recoverable."); TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008) (providing for recovery of attorney's fees in contract claims). FFE's second issue is sustained.

## CEDIMEXA'S CROSS-POINT

In a cross-point, Cedimexa argues the trial judge erred in refusing to grant its motion for judgment notwithstanding the verdict. Because of this alleged error, Cedimexa argues this court should reverse the judgment below and render judgment in its favor.

A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. TEX. R. APP. P. 25.1(c). An appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause. *Id*. Here, Cedimexa did not file a notice of appeal, nor does it argue just cause exists for this court to grant it more favorable relief than did the trial court. As a result, Cedimexa's cross-point is overruled.

**CONCLUSION**

Having sustained FFE's issues, we modify the judgment to authorize FFE to recover from the Martinezes and Cedimexa compensatory damages in the amount of $39,000.00 and attorney's fees in the amount of $19,000.00. We affirm the judgment as modified. *See* TEX. R. APP. P. 43.2(b).

Karen Angelini, Justice