**BARNETT–MIRON ENTERPRISES, INC., Appellant,**

v.

**RONEAL MARTIN, INC. and Harris Fiberglass Materials, Inc., Appellees.**

No. 2–86–254–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 17, 1987.

Rehearing Denied Jan. 21, 1988.

Touchstone, Bernays, Johnston Beall & Smith and Michael G. Lee, Dallas, for appellant.

Kenneth C. Curry, Hurst, Brown, Herman, Scott, Dean & Miles and Grant Liser, Fort Worth, for appellees.

Before BURDOCK, HILL and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal by Barnett–Miron Enterprises, Inc. from a judgment concerning a suit for damages arising out of a bailment contract between appellant and appellee, Roneal Martin, Inc., with appellant as the bailee and appellee as the bailor. Roneal Martin, Inc. (Martin) recovered judgment against Barnett–Miron Enterprises, Inc. (Barnett) for loss of two jet skis left with appellant for repair. The jet skis were damaged by fire while in the shop of Harris Fiberglass Materials, Inc. (Harris), third party defendant and an appellee. The trial court granted a motion by Harris for dismissal and, after a jury verdict adverse to Martin, granted Martin's motion for judgment N.O.V.

We reverse and render as to appellant Barnett.

The preliminary statements in all parties' briefs are consistent.

Appellant's points of error one, two, three and five, appellee Harris's second counterpoint, and appellee Martin's reply points one, two and three direct our attention to the relationship of the parties.

The jet skis were purchased by Martin from Barnett in 1982 and returned to Barnett each fall for winterizing. Until 1983, Barnett performed any needed fiberglass repairs. In 1984 the units were picked up by appellee Harris to make the necessary fiberglass repairs. Barnett and Martin disagree as to whether or not Martin agreed to or knew of Harris taking possession of the units.

A fire occurred at Harris's shop on February 2, 1985. The jet skis were damaged and not returned to Barnett or Martin.

The extent of the damage and the final disposition was in dispute. Testimony was given as to the value of the jet skis both before and after the fire.

In a bailment for mutual benefit, the bailor makes a prima facie or presumptive case of negligence by proving bailment and either return of the goods by the bailee in a damaged condition, not existing at the time of their delivery to the bailee, or a failure of the bailee to return the goods at all. *Trammell v. Whitlock*, 150 Tex. 500, 242 S.W.2d 157, 159 (1951). When the fact of negligence may be presumed, it is the duty of the bailee to at least produce evidence of some other cause of loss or injury. *Id.*

The evidence indicated that the fire started in a side wall near the ceiling of the restroom at a point where there were electrical connections. Appellant concedes that Martin made a prima facia case by establishing bailment and that the jet skis were not returned, but contends that they had explained and rebutted the presumption of their negligence by the evidence showing the damage was caused upon Harris's premises by fire, and through no negligence of their own. We agree.

It is not necessary to our decision to discuss whether or not the "fire exception" is still the law in Texas. *Mayhar v. Triana*, 701 S.W.2d 325 (Tex.App.—Eastland 1985, writ ref'd). There being no responsibility other than as bailee on the part of appellant Barnett to Martin, the trial judge should have granted judgment on the verdict that Martin take nothing. *Buchanan v. Byrd*, 519 S.W.2d 841 (Tex.1975). We are obligated to give vitality to the jury verdict within the pleadings and the evidence. *International Armament Corp. v. King*, 686 S.W.2d 595, 597 (Tex.1985). The jury found the appellant failed to act in a reasonably prudent manner, but such failure was not the proximate cause of the loss to the appellee of its skis. The findings are easily supported by the evidence. The appellant perhaps erred in either delivering the skis to Harris or allowing Harris to have possession of them; however, the proximate cause of the loss of the skis was the fire. The evidence supports a conclusion that the fire was not caused by the fault of Harris nor the appellant. It was an "explained" fire. That being true, the presumption of loss due to fault on the part of the bailee is overcome.

The same evidentiary situation justified and required the trial court to dismiss as to Harris, as it did.

As does Martin in its brief, we can speculate on what conduct on the part of appellant was in the jury's mind on the issue of due care. Regardless of their reasoning, they found by their answer to special issue # 2 that such conduct did not cause Martin's loss.

Appellant's points of error four and five are conditioned on our refusal to grant its points one, two or three, and complain of the trial court's refusal to permit Barnett to file amended third party petitions. We have granted such points, therefore, points four and five are no longer before us. However, appellee Harris raises the same pleading problem by its counterpoint one. We agree with Harris that the trial court did not abuse its discretion in refusing appellant's proffered amendments, one being offered within seven days of trial and the other during trial as a trial amendment. Since these amendments would have permitted appellant to recover against Harris in the event Martin recovered against appellant, and we are deciding that Martin take nothing against appellant, such pleading problems are moot.

That portion of the trial court's judgment awarding a monetary recovery, attorneys fees and costs to Roneal Martin, Inc. against the appellant Barnett–Miron Enterprises, Inc. is reversed. The appellee, Roneal Martin, Inc. shall take nothing against the appellant Barnett–Miron Enterprises, Inc. who shall recover of the appellee Roneal–Martin, Inc. its costs below and of this appeal.

The portions of the trial court's judgment not here reversed and rendered are affirmed.