Opinion issued December 27, 2002 







  






In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00744-CV




PRIME PRODUCTS, INC., Appellant

V.

S.S.I. PLASTICS, INC., Appellee




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 99-38305-A




O P I N I O N

          This is an appeal from a no-evidence take-nothing summary judgment. 
Appellant, Prime Products, Inc. (“Prime”), urges a single issue on appeal. We affirm.

Facts and Procedural History
          Prime and appellee, S.S.I. Plastics, Inc. (“SSI”), entered into a business
relationship in which SSI, using Prime’s 800-pound patented industrial injection
mold, was to manufacture plastic cups known as “Classic Coolie” for Prime. The
record is unclear as to whether the parties had a written agreement


 in their business
relationship. In April 1997, Prime delivered its only “4 cavity Classic Coolie Mold”
(“Coolie Mold” or “mold”) to SSI in Houston for use in manufacturing the cups. SSI
was to produce as many cups as possible to maximize revenues to both Prime and
SSI. 
          In December 1997, SSI sent the Coolie Mold to Burco Precision Products, Inc.
(“Burco”), in Dallas, for repair. After Burco completed the repairs, SSI arranged for
Con-Way Transportation Services, Inc. (“Con-Way”) to transport the mold from the
Burco facility back to SSI in Houston. The mold was placed unsecured in Con-Way’s
truck and Con-Way’s driver, Stephen Eugene Newman, failed to close the truck’s
back door. The mold fell out of the truck and was struck and damaged by another
vehicle. Prime alleged over $50,000 in damages to the mold and over $6 million in
lost income.
          Prime sued SSI, Burco, and Con-Way for negligence and gross negligence. In
an amended petition, Prime added a claim for breach of contract. SSI filed a no-evidence motion for summary judgment as to Prime’s negligence and gross
negligence claims before Prime filed its second amended petition to add a claim for
breach of a special relationship establishing a duty of good faith and fair dealing. The
trial court granted SSI’s no-evidence motion for summary judgment without
specifying that it addressed only Prime’s negligence and gross negligence claims.
          SSI thereafter filed “Defendant, S.S.I. Plastics, Inc.’s Second Motion for
Summary Judgment,” correctly stating that the trial court had previously granted
summary judgment on Prime’s negligence and gross negligence claims, but
erroneously asserting that summary judgment was also granted on Prime’s breach of
fiduciary duty and breach of duty of good faith and fair dealing causes of action. 
SSI’s second no-evidence motion sought summary judgment on Prime’s claims for
breach of contract, breach of fiduciary duty, and breach of good faith and fair
dealing.


 The trial court granted SSI’s second no-evidence motion for summary
judgment as to all of Prime’s causes of action, and made it final and appealable by
severance from SSI’s co-defendants. 
          In the four sub-parts to its single issue, Prime argues that the trial court erred
in granting summary judgment on its causes of action for (1) negligence/gross
negligence, (2) breach of contract, (3) a special relationship giving rise to the duty of
good faith and fair dealing, and (4) bailment. 
Standard of Review
          When reviewing a no-evidence summary judgment, we must consider the
evidence in the light most favorable to the non-movant and make all inferences in the
non-movant’s favor. Tex. R. Civ. P. 166a(i); Morgan v. Anthony, 27 S.W.3d 928,
929 (Tex. 2000); Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.,
994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A no-evidence
summary judgment is properly granted if the non-movant fails to produce more than
a scintilla of evidence to raise a genuine issue of material fact as to an essential
element of the non-movant’s claim on which the non-movant would have the burden
of proof at trial. Flameout Design & Fabrication, Inc., 994 S.W.2d at 834. More
than a scintilla of evidence exists when the evidence “rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions.” Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995).
Negligence/Gross Negligence
          Prime first asserts the trial court erred in granting summary judgment on
Prime’s claims of negligence and gross negligence. A negligence cause of action
requires (1) a legal duty, (2) breach of that duty, and (3) damages proximately
resulting from that breach. Van Horn v. Chambers, 970 S.W.2d 542, 544 (Tex.
1998). The existence of a duty is a question of law. Id. The nonexistence of a duty
ends the inquiry into whether negligence liability may be imposed. Id. 
          Prime asserts that SSI assumed a duty of reasonable care to protect the Coolie
Mold. The law of bailment applies to this situation. The elements of bailment are (1)
the delivery of personal property from one person to another for a specific purpose;
(2) acceptance by the transferee of such delivery; (3) an agreement that the purpose
will be fulfilled; and (4) an understanding that property will be returned to the
transferor. Sears, Roebuck & Co. v. Wilson, 963 S.W.2d 166, 168-69 (Tex.
App.—Fort Worth 1998, no pet.). Here, Prime delivered its Coolie Mold to SSI, SSI
accepted delivery, and SSI agreed with Prime to manufacture cups using the mold. 
Some evidence implied an understanding that SSI would return the mold to Prime in
the future.   In a bailment for the mutual benefit of the parties, and in the absence of
a special contract, the bailee is held to an ordinary or reasonable degree of care. See
Trammell v. Whitlock, 242 S.W.2d 157, 159 (Tex. 1951). The bailor makes a prima
facie or presumptive case of negligence by proving bailment and return of the goods
by the bailee in a damaged condition, or failure to return the goods at all. See
Barnett-Miron Enters., Inc. v. Roneal Martin, Inc., 742 S.W.2d 530, 532 (Tex.
App.—Fort Worth 1987, no pet.). Once a prima facie case is presented and the fact
of negligence is presumed, the bailee has the duty to produce evidence of some other
cause of loss or injury. Id. 
          In Barnett-Miron, the bailor’s jet skis were damaged by fire when the bailee
sent them to a third party for repair. Id. The court held that the presumption of the
bailee’s negligence was rebutted when the bailee provided evidence showing the
damage was caused by the third party, and through no fault of its own. Id. In our
case, Prime showed presumptive negligence by SSI, but SSI then provided undisputed
evidence that the Coolie Mold was damaged by Con-Way’s failure both to secure the
mold in its truck and to close the truck door. There was no evidence of negligence
in SSI’s transfer of the mold to Conway. 

          Prime asserts that fact issues were raised as to SSI’s negligence in failing (1)
to protect and adequately insure the mold, (2) to properly issue the bill of lading, (3)
to inspect and secure the mold, and (4) to close the back door of the truck, all causing
damage to Prime’s mold.
          A bailee’s common law liability to a bailor for loss or damage to the bailed
property is limited to the consequence of the bailee’s fault or negligence. McKenzie
Equip. Co. v. Hess Oil & Chemical Corp., 451 S.W.2d 230, 230 (Tex. 1970). This
liability may be enlarged by agreement of the parties. Id. However, Prime has
presented no evidence to raise a fact issue that SSI enlarged its liability by agreement
to be responsible for the bill of lading, or inspecting and securing the mold, or closing
the door of Con-Way’s truck.A bailee for hire is not made an insurer by implication; there must be clear and
explicit contractual language to show that the bailee assumed an obligation to pay the
bailor for damages not caused by the bailee’s negligence. Clary Towing Co. v.
Thomas Jordan, Inc., 449 S.W.2d 306, 309 (Tex. App.—Beaumont 1969, writ ref’d
n.r.e.). Here, Prime presented no evidence to raise a fact issue that Prime and SSI
agreed that SSI would adequately protect and insure the Coolie Mold.
          The trial court did not err in granting summary judgment for SSI on Prime’s
claims of negligence and gross negligence.Breach of Contract
          Prime’s second issue asserts that the trial court erred in granting summary
judgment on its breach of contract claim. The elements of a breach of contract claim
are (1) the existence of a valid contract between plaintiff and defendant, (2) the
plaintiff’s performance or tender of performance, (3) the defendant’s breach of the
contract, and (4) the plaintiff’s damage as a result of the breach. Frost Nat’l Bank v.
Burge, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.). A no-evidence motion for summary judgment must state the elements as to which there is
no evidence. Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the
respondent produces summary judgment evidence raising a genuine issue of material
fact. Id. 
          In its second motion for summary judgment, SSI contested each element of
Prime’s breach of contract claim. Prime was therefore required to produce evidence
raising a material fact issue on each element. The elements of a valid contract are (1)
an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party’s consent to the
terms, and (5) execution and delivery of the contract with the intent that it be mutual
and binding. Angelou v. African Overseas Union, 33 S.W.3d 269, 278 (Tex.
App.—Houston [14th Dist.] 2000, no pet.). As stated earlier, the record contains no
evidence of a written contract. In determining the existence of an oral contract, the
court looks to the communications between the parties and to the acts and
circumstances surrounding those communications. Copeland v. Alsobrook, 3 S.W.3d
598, 605 (Tex. App.—San Antonio 1999, pet. denied). 
          While the evidence shows the existence of an oral contract between Prime and
SSI, Prime has shown no evidence of an issue of material fact regarding breach of
contract. Prime asserted in its response to SSI’s second motion for summary
judgment that the affidavit of Prime’s President, Elgin Kristinik, established more
than a scintilla of evidence to create a fact issue. We disagree. The affidavit includes
the following statements:
SSI promised to adequately and fully insure the mold against damage;
physically protect the mold against damage; and, protect Prime’s
business interests in the mold as the mold was the main source of
business revenue to Prime. Jerry Kuzma, President of SSI, made these
promises orally and made notes of these promises. I cannot locate his
notes at this time.

“Affidavits containing conclusory statements unsupported by facts are not competent
summary judgment evidence.” Aldridge v. DeLos Santos, 878 S.W.2d 288, 296 (Tex.
App.—Corpus Christi 1994, writ dism’d w.o.j.) (citing authorities including Brownlee
v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984)). “Affidavits supporting or opposing
a motion for summary judgment must be factual; conclusions of the affiant are not
considered to have any probative value.” Id. 
          Kristinik’s affidavit does not set out facts that state the terms of SSI’s alleged
promise “to adequately and fully insure the mold against damage.” The affidavit does
not state (1) what “full and adequate” value Prime and SSI agreed to place upon the
mold, (2) how the adequacy and fullness of insurance coverage is determined, and (3)
whether adequate and full coverage was intended for property damage alone or to
include special damages, such as loss of gross revenues from production or loss of net
profits.
          Although Kristinik’s affidavit does state in a later paragraph that “physical
damages to the mold exceed $50,000 . . . ,” and that “SSI only purchased $1,000,000
worth of coverage based on the insurance policy produced in this litigation,” this
statement assumes — as a conclusion — that $1,000,000 in coverage is inadequate,
without stating what agreement between Prime and SSI makes it inadequate. 
Similarly, Kristinik’s affidavit makes no factual allegation of what physical protection
SSI promised but failed to provide, or what business interest of Prime SSI agreed to
protect but did not protect.
          “Unless authorized by statute, an affidavit is insufficient unless the allegations
contained therein are direct and unequivocal and perjury can be assigned upon it.” 
Brownlee, 665 S.W.2d at 112 (citing Burke v. Satterfield, 525 S.W.2d 950 (Tex.
1975)). Kristinik’s affidavit is not direct or unequivocal, and is certainly too vague
to be the subject of a perjury allegation in its statements that SSI promised “to
adequately and fully insure the mold against damage,” or to “physically protect the
mold against damage; and, protect Prime’s business interests in the mold . . . .” 
          We find that Prime has failed to produce more than a scintilla of evidence to
create a fact issue as to breach of contract.
Special Relationship Giving Rise to a Duty of Good Faith and Fair Dealing
          Prime’s third issue asserts the trial court erred in failing to find that evidence
existed of a special relationship between Prime and SSI that created an informal
fiduciary relationship and a duty of good faith and fair dealing.
          A bailment generally does not create a formal, fiduciary relationship between
bailee and bailor. Bank One, Texas, N.A. v. Stewart, 967 S.W.2d 419, 442 (Tex.
App.—Houston [14th Dist.] 1998, pet. denied). The nature of the relationship
between the parties is essential in determining whether an implied duty of good faith
and fair dealing exists. Id. at 441. Two types of special relationships in contracts
often recognized by Texas courts are (1) a fiduciary relationship arising from an
element of trust necessary to accomplish the goals of the contract; and (2) a special
relationship based on extra-contractual duties arising from an imbalance of
bargaining power. Id. Prime has asserted the relationship here is the former, a
fiduciary relationship. 
          A fiduciary relationship is either (1) a formal fiduciary relationship or (2) an
informal or confidential relationship. Id. Prime asserts that an informal fiduciary
relationship was created here. An informal or confidential relationship arises “where
one person trusts in and relies upon another, whether the relation is moral, social,
domestic or merely personal.” Id. (citing Crim Truck & Tractor Co. v. Navistar Int’l
Transp. Corp., 823 S.W.2d 591, 594 (Tex. 1992)). A confidential relationship exists
where influence has been acquired and abused, and confidence has been reposed and
betrayed. Id.
          Although Prime asserted in its affidavit that it trusted SSI to protect the mold,
it has offered no evidence that Prime reposed confidence in SSI that was betrayed, or
that the relationship between them was not an arms-length commercial transaction. 
There is no general duty of good faith and fair dealing in ordinary, arms-length
commercial transactions. Formosa Plastics Corp. USA v. Presidio Engineers &
Contractors, Inc., 960 S.W.2d 41, 52 (Tex. 1998). While there is evidence to show
that Prime expected SSI to keep Prime’s only mold in good condition and return it in
that condition, this is no more than the trust imposed in ordinary bailment without a
contract saying more, and here we have none. The trial court did not err in refusing
to find a special relationship giving rise to an informal fiduciary relationship or a duty
of good faith and fair dealing.
Bailment
          Prime’s fourth issue asserts that the trial court erred in granting summary
judgment based on Prime’s claim of bailment in that SSI never moved for summary
judgment regarding bailment. A bailment relationship results from a contract under
which bailed goods are delivered by the bailor and accepted by a bailee for a specific
purpose. E.L. Smith v. Radam, Inc., 51 S.W.3d 413, 417 (Tex. App.—Houston [1st
Dist.] 2001, no pet.). Prime’s bailment claim is not a separate cause of action from
its breach of contract action. SSI’s Second Motion for Summary Judgment moved
for summary judgment on the basis that there was no evidence on the breach of
contract issue. As discussed in the “Breach of Contract” section above, Prime failed
to produce more than a scintilla of evidence creating a fact issue. Therefore, we find
no error.Conclusion
          We overrule Prime’s sole point of error and affirm the trial court’s judgment.
 
                                                                        Lee Duggan, Jr.
                                                                        Justice

Panel consists of Justices Hedges, Keyes, and Duggan.




Publish. Tex. R. App. P. 47.4.