**Opinion issued August 8, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00166-CV

———————————

**WESTWOOD DENTAL MANAGEMENT, INC., Appellant**

**V.**

**DARBY DENTAL SUPPLY, LLC, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1069539**

---

## MEMORANDUM OPINION

Appellant Westwood Dental Management, Inc. appeals the trial court's summary judgment in favor of appellee Darby Dental Supply, LLC in its suit on a contract. In three issues, Westwood contends that the trial court erred by granting summary judgment.

Because Darby failed to prove all elements of its cause of action as a matter of law, we reverse the summary judgment and remand for further proceedings.

## Background

Appellee Darby Dental Supply, LLC sued appellant Westwood Dental Management, Inc. for overdue unpaid sums that were due on an account. In its petition, Darby alleged that Westwood had entered into "an agreement for goods and/or services" which was attached to the petition as Exhibit A. Instead of demonstrating any agreement to provide "goods and/or services," Exhibit A was Darby's credit application form, which had been filled out by Westwood.

Darby alleged that all conditions precedent were satisfied, and that Westwood had failed to pay "in accordance with the verified account." Darby attached a statement showing the itemized overdue amounts. It also attached to the petition an affidavit from Robyn Livingston, who was identified as Darby's agent and custodian of records. In the affidavit, she averred that the "account, claim and cause of action in favor of" Darby and against Westwood "in the sum of $32,557.15 dollars is within the personal knowledge of affiant just and true, that it is due, that all just and lawful offsets, payments and credits have been allowed, and that the facts in this affidavit are true." Westwood answered with a general denial.

Darby filed a motion for summary judgment, which characterized the case as a "suit based upon a contract." As grounds for summary judgment, Darby argued

2

that Westwood did not "deny execution of the contract" and "pursuant to Rule 93(7) of the Texas Rules of Civil Procedure, the Answer is insufficient in law to constitute a defense." Darby therefore argued that it was entitled to judgment as a matter of law. Darby also sought attorney's fees under Chapter 38 of the Civil Practice and Remedies Code.

In response to the motion for summary judgment, Westwood argued that Darby had not proved the existence of a contract as a matter of law because the credit application was not a contract.

The trial court granted summary judgment, awarding Darby $32,557.15 plus interest, attorney's fees, and court costs. Westwood appealed.

**Analysis**

In three issues, Westwood generally asserts that the trial court erred by granting summary judgment in Darby's favor.

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). When a plaintiff moves for summary judgment on its own claim, it must prove

3

conclusively all essential elements of its cause of action. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

In its first issue, Westwood argues that there was no evidence of the existence of a valid contract because Darby relied solely upon a credit application attached to its petition.

To prevail on a claim for breach of contract, the plaintiff must establish the following elements: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *S. Elec. Servs., Inc. v. City of Houston*, 355 S.W.3d 319, 323–24 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). The elements of a valid contract are (1) an offer; (2) an acceptance; (3) a meeting of the minds; (4) mutual consent to the terms; and, in the case of a written contract, (5) execution and delivery of the contract with the intent that it be mutual and binding. *Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). "Mutual assent, concerning material, essential terms, is a prerequisite to formation of a binding, enforceable contract." *Potcinske v. McDonald Prop. Invs., Ltd.*, 245 S.W.3d 526, 530 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992)).

The only contract Darby presented as summary-judgment evidence was the credit application and authorization. This related to the extension of credit by Darby to Westwood, but not to any other agreement about the provision of goods or services for a fee. Darby presented no summary-judgment evidence of any other agreement between the parties resulting in the alleged "balance due." While there may have been an agreement between Darby and Westwood resulting in an unpaid account, Westwood is correct that Darby's motion failed to establish all the facts necessary to support a summary judgment in its favor as the plaintiff on a contract claim.

Darby did present a "statement of account," which listed "invoices," "finance charges," and "open amounts," resulting in a "balance due," without any reference to the underlying agreement or transactions giving rise to the "balance due." To the extent that Darby's pleadings appear to have been an attempt to invoke the procedure for a sworn account, *see* TEX. R. CIV. P. 185, it did not argue or demonstrate that it was entitled to summary judgment on that basis. *See* TEX. R. CIV. P. 166a ("The motion for summary judgment shall state the specific grounds therefor.").

We conclude that Darby failed conclusively to prove, as it argued, a contract for sales or services resulting in an outstanding balance of $32,557.15. Because Darby did not prove conclusively all elements of its cause of action, we hold that

5

the trial court erred by granting summary judgment in its favor. *See Rhone–Poulenc*, 997 S.W.2d at 223; *City of Houston*, 589 S.W.2d at 678. We sustain Westwood's first issue, which relieves us from the obligation of addressing the other arguments. *See* TEX. R. APP. P. 47.1.

## Conclusion

We reverse the trial court's summary judgment, and we remand the case to the trial court for further proceedings consistent with this opinion.

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Massengale.